BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.frentzen@usdoj.gov
    Susan.badger@usdoj.gov
    Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 14-0196 CRB |
| v. | UNITED STATES' OPPOSITION TO DEFENDANT CHOW'S MOTION FOR ASSISTANT UNITED STATES ATTORNEY WILLIAM FRENTZEN TO TESTIFY AS TO THE CHARACTER OF ANDY LI AND KAM WONG |
| KWOK CHEUNG CHOW, et al. | |
| Defendants. | |

Defendant Kwok Cheung Chow has moved "the Court to permit and order Assistant United States Attorney, William Frentzen, to testify as to the character for truthfulness of specific witnesses, Andy Li and Kam Wong." Document 1142. Chow asserts that AUSA Frentzen "has had the opportunity to assess, cultivate and express an opinion as to the character, relating to truth and veracity,"

1  of Li and Wong.  Accordingly, Chow seeks AUSA Frentzen's testimony as a character witness pursuant
2  to Federal Rule of Evidence 608(a).  Chow claims that such testimony is "vital" to his defense.
3       Trial in the above-captioned case is underway, and AUSA Frentzen is one of three prosecutors
4  trying the case.  Chow's motion may be a thinly veiled attempt to disqualify one of the prosecutors mid-
5  way through trial and force a mistrial.  As such, it would be highly inappropriate, to say the least.
6  Whatever the motives behind it, Chow's motion is entirely without legal basis or merit and should be
7  denied.[1]

## ARGUMENT

9       The government has advised Chow that it intends to call Andy Li as a witness during its case-in-
10 chief.  Andy Li is a co-defendant of Chow, who was arrested along with Chow and approximately
11 twenty-five other defendants on March 26, 2014.  Li was charged with Chow and others in the Second
12 Superseding Indictment with a number of offenses, including participating in a RICO conspiracy.  On
13 two occasions, Li entered guilty pleas to various charges in the indictment.  That includes pleading
14 guilty to the RICO conspiracy in which he is a co-defendant with Chow.
15      During the pendency of the proceedings against Li, Li has been ordered detained by the Court.
16 On August 6, 2014, counsel for Li filed a Notice of Motion and Motion to Reopen Detention Hearing
17 and Reconsider Detention.  *See*, Document 410.  Counsel's motion was accompanied by several
18 exhibits, including declarations of two of Li's associates and one of Li's attorneys.  The motion did not
19 include a declaration by Li himself.
20      In response to the motion filed on behalf of Li, which was subsequently heard by Chief
21 Magistrate Judge Joseph C. Spero on September 5, 2014, government counsel filed the United States'
22 Opposition to Defendant Li's Motion to Reconsider Detention Order.  *See*, Document 462.  In that
23 motion, which was filed by the three prosecutors assigned to the case, AUSA William Frentzen, AUSA
24 Susan Badger, and AUSA S. Waqar Hasib, the United States pointed out a number of problems with the

---

[1] Although the motion should be denied as without any legal foundation, the government additionally objects on grounds that Chow has failed to comply with the "*Touhy* regulations," that is, the regulations published at 28 C.F.R. 16.21-29 which provide that no present or former employee of the Department of Justice may testify or produce Departmental records in response to subpoenas or demands of courts or other authorities issued in any state or federal proceeding without first obtaining prior approval by an appropriate Department official.

USA OPP. TO MOT. TO COMPEL TESTIMONY
CR 14-0196 CRB                                                              2

filings by Li's counsel.  The government pointed out the questionable credibility of a witness (who did not submit a declaration) on Li's behalf.  In that context, the government stated in its pleading: "That defendant would direct the Court to a source like Mr. Walker as exonerating him should be of substantial concern to the Court.  That defendant will say or do anything to try to get out of jail should give the Court great pause about releasing him." *Id*. at 3.  In its opposition, the government also presented information indicating that the declarations by Li's associates contained false information.  Based on that, the government argued "defendant has knowingly submitted false declarations to this Court in his effort to gain release." *Id*. at 1.  At the close of its motion, the government argued: "It would make a mockery of the system for the Court to now vest its trust in the defendant by releasing him to comply with conditions after he tried to defraud this Court." *Id*. at 9.

The government has also advised Chow that it intends to call Kam Wong as a witness at trial.  In the government filing to which Chow refers in his current motion, that is, the United States' Supplemental Submission Regarding Evidence of Solicitation to Commit Murders by Defendant Chow, Document 1059, government counsel provided the Court with information about Individual C (Kam Wong).  The government advised the Court that Kam Wong had first-hand information about the murder of Allen Leung and has admitted to being the getaway driver in the murder.  The government provided this and additional information to the Court as part of the litigation over whether certain evidence regarding the murder of Allen Leung should be admitted or excluded pursuant to Federal Rule of Evidence 404(b).  The government offered to provide factual information to the Court in support of its assertion that the proffered evidence was inextricably intertwined with the RICO conspiracy.

In describing to the Court the information provided by potential witness Kam Wong, the government acted in an abundance of caution and advised the Court of *Giglio* information about Wong, that is, information that was relevant to Wong's credibility.  It is some of those statements to which Chow cites in his current motion.

Based solely on the statements cited above made by government counsel in their opposition to Li's motion to reconsider bail and their supplemental submission regarding evidence relevant to the Allen Leung murder, Chow now singles out AUSA Frentzen and claims that this one prosecutor is

qualified as a competent witness with personal knowledge of Li's and Wong's credibililty who should be required to testify under Rule 608(a).  Plainly stated, this is absurd.

First, all of the "statements" upon which Chow relies to assert that AUSA Frentzen is a competent witness as to Kam Wong's credibility were simply the government providing *Giglio* information to the Court so that the Court might make a fair assessment of the information about which Wong would likely testify.  This information is shared by all three prosecutors in this case; it is not something within the special purview of AUSA Frentzen.  More importantly, however, the ramifications of what Chow is suggesting illustrate the unsoundness of his argument.  Following Chow's logic, every time a prosecutor provides information that might be relevant to a witness's credibility to the defense or the Court, that prosecutor would become a witness in the case and would be disqualified.  It goes without saying that this is simply not the way the law works.

Second, it should also go without saying that when government counsel responded to the motion to reconsider Andy Li's detention and argued that Li knowingly submitted false information, government counsel was using customary language in legal pleadings.  For example, the government refers herein to "Chow's" assertions and aruguments, when it is understood by the parties and the Court that the assertions and arguments are not being made by Chow himself; they are being made by Chow's counsel.  Similarly, while not plainly stated as such due to customary practice, in the case of the motion to reconsider Li's bail, the government was referring to false statements made by Li's associates and submitted by Li's counsel.  There were no statements by Li, much less false statements.  There were no submissions by Li indicating he was aware that false statements were submitted on his behalf by his associates and counsel.  As with the Kam Wong submission, it simply cannot be the case that every time a prosecutor finds inconsistencies in the arguments or statements submitted on behalf of a defendant or witness, that prosecutor now becomes a witness qualified to opine on that defendant's or witness's reputation for veracity.

Third, the matter at issue here was raised by the government in its Supplemental Motions *In Limine*, document 1117, filed immediately before trial.  The government pointed out that Chow had indicated an intention to call one of the undersigned prosecutors to testify at trial.  The government argued that any such attempt would be inappropriate.  Further, any attempt by Chow to introduce into

USA OPP. TO MOT. TO COMPEL TESTIMONY
CR 14-0196 CRB                              4

evidence the written statements of government counsel in pleadings or other legal submissions should be rejected by the Court.  Any such statements are hearsay and irrelevant.

In light of the instant motion, the government renews its motion *in limine* and moves for an order from the Court precluding Chow from mentioning statements or comments made by government counsel in pleadings in this case, either in questions posed to witnesses or in argument to the jury.

Finally, all of the information that the government referred to in its pleadings regarding Li and Wong is available to Chow to use as impeachment of those witnesses during cross-examination.  The fact that Chow cannot call one of the prosecutors in this case to repeat information or arguments made in government pleadings in no way deprives Chow of the opportunity to use the facts referred to in those pleadings to test the credibility of Li and Wong.

## **CONCLUSION**

For the reasons stated above, Chow's motion to compel the testimony of AUSA Frentzen should be denied.

DATED: November 18, 2015				Respectfully submitted,

							BRIAN J. STRETCH
							Acting United States Attorney

								 /s/
							SUSAN E. BADGER
							WILLIAM FRENTZEN
							S. WAQAR HASIB
							Assistant United States Attorneys